**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

GORAN MILOVANOVIC,            :
                                  Civil Action No. 06-3680 (JBS)
            Petitioner,       :

      v.                      :   **OPINION**

WARDEN CHARLES E. SAMUELS,    :

            Respondent.       :

**APPEARANCES:**

Petitioner pro se
Goran Milovanovic
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

    Petitioner Goran Milovanovic, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the conviction and sentence pursuant to which he is confined.

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer it, this Court will dismiss the Petition, without prejudice, for lack of jurisdiction.

## I.  BACKGROUND

The following background facts are taken from the Petition, and are accepted as true for purposes of this Opinion and accompanying Order, or they are taken from judicial records of which this Court takes judicial notice.[2]

On February 17, 2005, following a plea of guilty to conspiracy to possess with intent to distribute an unspecified amount of "Ecstasy" in violation of 21 U.S.C. §§ 841(a)(1) and 846, Petitioner was sentenced in the U.S. District Court for the Middle District of Florida to a term of imprisonment of 78 months, to be followed by three years supervised release. Petitioner did not appeal the sentence.

On December 13, 2005, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The trial court denied the motion:

---

[2] This Court will take judicial notice of its own docket and of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

> First, Petitioner contends that the Court erred in imposing his sentence, arguing:
>
>> District court committed clear error when it sentenced Petitioner above proscribed [sic] maximum authorized by charge.  The Petitioner's indictment failed to charge an essential element of the charged offense; and therefore the District Court committed clear error when it sentenced the Petitioner above the prescribed maximum for an "undetermined" amount of drugs.
>
> CV Dkt. 1 at 4 and Attach. at 1.  The record refutes this contention.  A review of the factual basis for Petitioner's plea agreement reflects that he agreed that his criminal conduct involved his possession of 22,143 MDMA tablets (CR Dkt. 67 at 14-15).[fn omitted]
> ...
> To the extent that the motion may be read to assert that Petitioner's case was infected with a <u>Blakely/Booker</u>[fn omitted] violation, in light of the broad waiver of appeal language contained in his plea agreement, he has waived his right to appeal on this basis.  ...  Moreover, the Eleventh Circuit Court of Appeals has held that the decisions in <u>Blakely</u> and <u>Booker</u> do not apply retroactively in a collateral review proceeding brought under § 2255.  ...  Hence, this claim, as the others, has no merit.

<u>Milovanovic v. United States</u>, Case No. 8:05-CV-2319-T-30MSS, 8:03-CR-240-T-30MSS, Order, Docket Entry No. 115, (M.D. Fla. Jan. 11, 2006).  Petitioner filed a notice of appeal; however, the District Court denied a certificate of appealability.  No further activity with respect to that appeal is reflected on the docket.

While that appeal was pending, Petitioner filed an application with the U.S. Court of Appeals for the Eleventh Circuit for leave to file a second or successive § 2255 motion.

On March 21, 2006, the Court of Appeals denied the application without prejudice.

> In his application, Milovanovic indicates that he wishes to raise two claims in a second or successive § 2255 motion, namely that the district court sentenced him in violation of the Fifth and Sixth Amendments when it (1) sentenced him based on a quantity of drugs that was not charged in the indictment; and (2) sentenced him above the Guidelines maximum that was authorized for possession of a "detectable" amount of ecstasy. Milovanovic indicates that his first claim relies on newly discovered evidence, and that his second claim does not rely on either a new rule of law or newly discovered evidence. It appears, however, that he actually is attempting to rely on a new rule of law for both of his claims. Milovanovic does not cite any specific cases in support of his claims, but he does discuss the Supreme Court's clarification of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and therefore, it appears that he is attempting to rely on the rules announced in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

See Milovanovic v. Samuels, Civil Action No. 06-1724 (JBS) (D.N.J.), Pet. Ex. A.

On April 12, 2006, this Court received Petitioner's first Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Milovanovic v. Samuels, Civil Action No. 06-1724 (JBS). In that Petition, Petitioner stated that he did not challenge the District Court's authority to impose the 78-month sentence, but instead challenged the Warden's authority to compel him to serve the term of supervised release "in addition" to his sentence as opposed to "as part" of his sentence. Petitioner also asserted that the District Court constructively amended the indictment

when it sentenced him based upon a determination that the offense involved over 20,000 pills, rather than an indeterminate amount. Although Petitioner nowhere cited to United States v. Booker, 543 U.S. 220 (2005), it was clear that Petitioner was claiming a violation of the Booker rule prohibiting sentencing based on a judge's determination of facts, other than a prior conviction, that were not found by the jury or admitted by defendant.

By Opinion and Order entered May 31, 2006, this Court found that initial § 2241 habeas petition to be properly construed as a second or successive § 2255 motion and dismissed it without prejudice for lack of jurisdiction.  Petitioner appealed.  That appeal was dismissed by agreement of the parties on July 19, 2006.  See Milovanovic v. Samuels, No. 06-3206 (3d Cir.).

On August 7, 2006, this Court received this Petition, Petitioner's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner claims that the indictment does not charge an essential element of the crime charged, that is, the amount of drugs, and that he received ineffective assistance of trial counsel.  Petitioner admits that he has previously asserted these same claims in a motion under § 2255 in the trial court, but contends that the "District Court arbitrarily ignored the Caselaw relied on by the Petitioner resulting in The Court § 2255 procedural mechanism being inadequate."  (Pet. ¶¶ 12, 13.)

## II.   ANALYSIS

A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's claim

Petitioner contends that he is entitled to habeas relief under § 2241 because § 2255 is an inadequate remedy.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a § 2255 motion filed in the district of conviction, has been the "usual avenue"

for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a

prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Petitioner's inability to meet the gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this Petition.  To the contrary, Petitioner asserts that he litigated the same claims in his § 2255 motion before the trial court.  He brings this § 2241 petition only because he is dissatisfied with the result in the trial court.  Even if the claims litigated in the prior § 2255 motion were not precisely the same as those asserted here, it is clear that these claims could have been asserted in the prior § 2255 motion.  Accordingly, this Petition must be construed as a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,[3] which must be filed in the

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a Miller notice.

district of conviction, and over which this Court lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing.  28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Eleventh Circuit as a motion for leave to file a second or successive § 2255 motion.  Petitioner has had ample opportunity to pursue his claims in the trial court and in the Court of Appeals for the Eleventh Circuit, which has already denied Petitioner leave to file a second or successive § 2255 Petition.  In addition, Petitioner fails to assert claims that fall within the grounds permitted for second or successive § 2255 motions.[4]

---

[4] A Court of Appeals may certify a second or successive § 2255 motion only if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.

Accordingly, it does not appear that it would be in the interest of justice to transfer this matter to the Court of Appeals for the Eleventh Circuit.

### III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.

                                        **s/ Jerome B. Simandle**
                                        Jerome B. Simandle
                                        United States District Judge

Dated: **November 14, 2006**